---

(118 App. Div. 888)

### In re SHATTUCK'S WILL.

(Supreme Court, Appellate Division, Third Department. March 13, 1907.)

CHARITIES—BEQUESTS—CONTROL BY SUPREME COURT.

    A will giving property to the executor in trust to annually expend and pay over the income to religious, educational, or eleemosynary institutions as in his judgment shall seem advisable, shows an intention that the income shall be used for the charitable purposes which those institutions represent, so that, under the act "to regulate gifts for charitable purposes," Laws 1893, p. 1748, c. 701, § 1, providing that no bequest to religious, educational, charitable, or benevolent uses, which shall in other respects be valid, shall be invalid because of indefiniteness of the persons designated as the beneficiaries, and section 2, providing that the Supreme Court shall have control over bequests in all cases provided for by section 1, the Supreme Court from time to time will see that the gift takes the course indicated, and that it shall not go to societies incompetent under the law to take it, or be used by any society for a purpose not contemplated by the statute or the testator.

Appeal from Surrogate's Court, Essex County.

In the matter of the proceeding for the probate of the will of Mary E. Shattuck, deceased. From the decree admitting the will to probate, and disallowing the objections filed to the eighth clause thereof, and declaring said clause valid and enforceable, appeal is taken. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Robert Dornburgh, for appellant.
H. D. Hoffnagle (Edgar T. Brackett, of counsel), for respondent.

JOHN M. KELLOGG, J. By the eighth clause of the will the testatrix gave all of the residue of her real and personal estate to her executor, in trust, however; "the rents, profits, and income thereof to be expended by him annually and to be paid over to religious, educational or eleemosynary institutions as in his judgment shall seem advisable, not more than $500 however to be paid to any one such institution in any one year."

Section 6, c. 319, p. 448, of the laws of 1848, providing that certain corporations shall not take more than one-fourth of an estate under a will made within two months of the death of a testator, applies only to corporations formed under that act; other corporations are unhampered by the provisions of section 6, the only surviving section of the original statute. Matter of Lampson, 161 N. Y. 511–520, 56 N. E. 9.

It is urged by the appellant that the trustee has power under the will to so distribute the estate that corporations formed under the original act of 1848 may receive the benefits of it in violation of that act, and that while the will provides for the payment of the income to religious, educational, and eleemosynary institutions, that the educational institutions may be public or private, may be conducted as a charity or for gain, and that the trustee may so administer the trust that educational institutions conducted for the purpose of gain may receive all or a part of the income from the estate. These contentions overlook the fact that the will itself, by giving the income to such corporations, shows an intent that it shall be used for the charitable purposes which these institutions represent, and that section 2, c. 701, p. 1748, of the laws of 1893, which act is entitled "An act to regulate gifts for charitable purposes," provides that the Supreme Court "shall have control over gifts, grants, bequests, and devises in all cases provided for by section 1 of this act," and the act relates to gifts for the uses indicated by this will. The Supreme Court, therefore, may be appealed to at any time to require that this gift take the course indicated, and that it shall not go to societies incompetent under the law of taking it, or be used by any society for a purpose not contemplated by the statute or the testator. The will is indefinite as to any particular institution or any particular charitable purpose, but the mere indefiniteness of the provision when the purpose of it is ascertained to be of a charitable nature does not invalidate it. Allen v. Stevens, 161 N. Y. 122, 55 N. E. 568. It is apparent that the testatrix intended her property for the charitable uses indicated by the class of institutions to which she has directed the moneys to be paid, and the Supreme Court from time to time will see that the fund is properly administered, and that it goes into the channels contemplated by the testatrix and the statute.

The decree of the surrogate should be affirmed. No costs are awarded against the special guardian, appellant. All concur.